

2006 FEB 24 PM 4: 29

James N. Leik
Perkins Coie
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for Plaintiff
Federal Deposit Insurance Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity as an instrumentality and agency of the United States,<br><br>Plaintiff,<br><br>v.<br><br>RALPH E. WHITMORE, JR.; NANCY W. WHITMORE; WILLIAM A. SWAIN; THOMAS J. MIKLAUTSCH; ROBERT C. ELY; and ROGER HAXBY,<br><br>Defendants. | Case No. A92-060 Civil (HRH) |

**RESPONSE TO ORDER**

PERKINS COIE LLP
1029 WEST THIRD AVENUE
SUITE 300
ANCHORAGE, ALASKA 99501
(907) 279-8561
FACSIMILE
(907) 276-3108

REPORT TO COURT
[09901-0001/AA003671.402]

- 1 -

EXHIBIT # ____A____
Page # __1__ of __13__

In response to the court's order dated February 11, 2000, the FDIC and the United States Attorney filed a status report in Case No. A94-0136-CR (HRH). A copy is attached.

        PERKINS COIE, LLP
        Attorneys for Federal Deposit Insurance Corporation

By _____
       James N. Leik
       Alaska Bar No. 8111109

PERKINS COIE LLP
1029 WEST THIRD AVENUE
SUITE 300
ANCHORAGE, ALASKA 99501
(907) 279-8561
FACSIMILE
(907) 276-3108

REPORT TO COURT
[09901-0001/AA003671.402]
- 2 -

EXHIBIT #   A
Page #  2  of  13

I certify that a true and correct copy of the foregoing was faxed and mailed and to Mark Topel, Esq., counsel of record for Ralph E. Whitmore, Jr. on February 24, 2000.

*Mary Ann Woodward*
Mary Ann Woodward, Secretary

KAREN L. LOEFFLER
Assistant U.S. Attorney

JOSEPH W. BOTTINI
Assistant U.S. Attorney

Federal Building & U.S. Courthouse
Room 253
222 W. 7th Avenue, #9
Anchorage, Alaska 99513-7567
Telephone: 907/271-5071

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RALPH E. WHITMORE, JR., )<br>)<br>Defendant. )<br>_____) | No. A94-0136 Cr. (HRH)<br><br>JOINT REPORT OF THE FDIC<br>AND THE UNITED STATES IN<br>RESPONSE TO COURT'S ORDER<br>RE: FDIC RESTITUTION CLAIMS |

Pursuant to the Court's Order of February 11, 2000, all counsel have conferred concerning restitution and damages in the two cases. Counsel for the FDIC and the United States made a joint proposal to resolve the civil and criminal cases in one hearing. The defendant does <u>not</u> agree to the proposal. The government and the FDIC, nevertheless, believe that their

proposal provides the most efficient way to resolve both cases in one hearing.

For a variety of reasons, set forth in part below, the FDIC and the government are not willing to waive their separate rights to a civil judgment and to a criminal restitution order. However, the FDIC and the government do believe that it is both possible and proper to resolve the monetary issues in both cases at one hearing. With that objective in mind the FDIC and the United States propose that the cases be resolved during the sentencing hearing set for April 7, 2000, as follows:

1. As the court is aware, the scope of the civil complaint is considerably broader than the scope of the criminal charges upon which Ralph Whitmore has been convicted. However, in order to resolve both cases at once, the FDIC proposes to limit the amount of its civil judgment against Ralph Whitmore to the damages caused by conduct covered in the counts of the criminal conviction. That is, the FDIC would agree to resolution of the civil case upon entry of final judgment for the damages caused by: (1) the ANBN stock loans; (2) the 1987 dividends; (3) the expenses in 1986-88; and (4) the cost of the Beverly Hills office. The FDIC and the government have provided the presentence writer, Eric Odegaard, with the proposed figures to cover both monetary judgments.

The government believes that the calculation of both the civil judgment and criminal restitution can be easily accomplished in one hearing because most of the total figure will be based on well established numbers. At this time the government believes that calculating the damages and initial restitution number would require the calling of one witness. The government will have to call a witness concerning counts 34 through 36, the 1986 through 1988 expenses that the jury found were misapplications of bank funds. Both for purposes of the guideline analysis and for purposes of restitution the government will need to put on evidence concerning the amount of such expenses it alleges were not for the benefit of the bank. The government has provided the summaries of these figures to the probation officer.[1] With regard to the other counts, the dollar figures are easily derived from the evidence already introduced. The court and the parties are well aware of the sum total of the stock loans, and the FDIC has submitted its damages calculation to the probation office. The calculation accounts for prejudgment interest as well as payments already received from other sources. The dividends of 1987 were $2.7 million, and documents already introduced as evidence show the amount of cost

---

[1] The court will recall these were the summaries that the court ruled were to be excluded for the purpose of presenting them in front of the jury.

on the Beverly Hills office. Thus, the FDIC and the United States have a joint figure for the starting point for civil damages and restitution already calculated.

2. The FDIC and the United States propose that the court also enter a criminal restitution order against Ralph Whitmore. The starting point for the criminal restitution order would be exactly the same calculation under this proposal as for the civil damages claim. The FDIC and the United States are aware that there are some differences in the procedures for a criminal restitution order versus a civil damage claim -- especially in that ability to repay is an issue under a criminal restitution order and is not an issue in a civil judgment. However, because the court would have to calculate the total amount of restitution before considering whether there should be a reduction based on ability to repay, the FDIC and the United States believe that those numbers can, and should, properly calculated in the same hearing.

The FDIC and the United States also agree that any payments made in restitution or upon collection of the civil judgment may be credited to both judgments.

The above proposal accomplishes the goal of resolving both cases in one hearing. The FDIC as the plaintiff in the civil case, and as the victim in the criminal case, however, is not

amenable to giving up its rights under one or the other of the cases for a number of reasons, including the following:

The FDIC is willing to give up its rights to damages beyond the counts of conviction in the civil case for the benefit of wrapping up both proceedings at once. However, it is not willing to give up the civil case in whole for a number of reasons, not the least of which the FDIC is entitled as of right to pre-judgment interest in the civil case. It may or may not receive prejudgment interest in a criminal proceeding. In addition, ability to pay is not an issue in the civil case. On the other hand, the tools for enforcement of a criminal restitution order are broader and in many instances stronger than that available to enforce a civil judgment. There are certain exemptions that apply to civil judgments that do not apply to restitution orders. There are certain investigative tools that may be used to enforce a criminal restitution order that are not available to try to enforce a civil judgment.

In the event that it is ever discovered that the defendant has hidden assets, there are consequences in a criminal case that do not exist in a civil case, such as revocation of probation. Thus, while the FDIC is willing to limit its recovery in the civil case to the counts of conviction, it is not willing to give up its rights as a victim under 18 U.S.C. § 3665.

Whitmore, Jr., A94-0136 CR (HRH)    page 5



EXHIBIT # ___A___
Page # __8__ of __13__

While this proposal sets forth a framework to resolve both cases in one hearing, there are a few issues that still remain. Obviously, the criminal restitution order will not involve Nancy Whitmore in any way. However, Nancy Whitmore is a defendant in the civil case and the court has already ruled that she is liable to the FDIC for the damages caused by the stock loans. In the event the court decides to follow this procedure there may be ways to resolve her liability.

Finally, the FDIC and the United States further inform the court that pursuant to the court's order they did provide this proposal to defendant through counsel. The FDIC and the United States have been informed that defendant rejects this proposal, and will request that restitution should be waived in lieu of pursuing the civil judgment. There does not appear to be a basis for further discussion on this issue, since neither the government nor the FDIC will agree to that procedure. Both believe that the above proposal will allow both cases to be resolved, efficiently, in one hearing.

Regardless of agreement between the parties, the FDIC and the United States believe that the court may pursue the above-described proposal, although there would be further procedural matters that would have to be resolved.

RESPECTFULLY SUBMITTED this __24__ day of February, 2000, at Anchorage, Alaska.

_____
KAREN L. LOEFFLER
Assistant U.S. Attorney

PERKINS COIE, LLP

_____
JAMES N. LEIK
Counsel for FDIC

I certify that a true and correct copy of the
foregoing was faxed and mailed and to Mark Topel, Esq.,
counsel of record for Ralph E. Whitmore, Jr.
on February 24, 2000.

*Mary Ann Woodward*
Mary Ann Woodward, Secretary

James N. Leik
Perkins Coie
1029 W. Third Avenue, Suite 300
Anchorage, Alaska 99501
(907) 279-8561
(907) 276-3108 (Facsimile)

Attorneys for Plaintiff
Federal Deposit Insurance Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity as an instrumentality and agency of the United States,<br><br>Plaintiff,<br><br>v.<br><br>RALPH E. WHITMORE, JR.; NANCY W. WHITMORE; WILLIAM A. SWAIN; THOMAS J. MIKLAUTSCH; ROBERT C. ELY; and ROGER HAXBY,<br><br>Defendants. | Case No. A92-060 Civil (HRH) |

CERTIFICATE OF SERVICE

This is to certify that on this 24th day of February, 2000, a copy of the foregoing was served via United States mail upon:

PERKINS COIE LLP
1029 WEST THIRD AVENUE
SUITE 300
ANCHORAGE, ALASKA 99501
(907) 279-8561
FACSIMILE
(907) 276-3108

CERTIFICATE OF SERVICE
[09901-0001/AA003671.402]         - 1 -

EXHIBIT # ___A___
Page # __12__ of __13__

Ralph & Nancy Whitmore
4344 Glencoe Avenue, #1
Marina del Rey, CA  90292

_____
Linda Murray

PERKINS COIE LLP
1029 WEST THIRD AVENUE
SUITE 300
ANCHORAGE, ALASKA 99501
(907) 279-8561
FACSIMILE
(907) 276-3108

CERTIFICATE OF SERVICE
[09901-0001/AA003671.402]

- 2 -

EXHIBIT # ___A___
Page # __13__ of __13__