



MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

U.S.A. vs. <u>RALPH WHITMORE</u>    CASE NO. <u>A94-0136-01-CR (HRH)</u>
Defendant: <u>X</u> Present ___In Custody ___On Summons <u>X</u> On Bond

BEFORE THE HONORABLE ___ H. RUSSEL HOLLAND ___

DEPUTY CLERK/RECORDER:  LINDA CHRISTENSEN

UNITED STATES ATTORNEY: <u>JOSEPH BOTTINI, AUSA/KAREN LOEFFLER, AUSA</u>

DEFENDANT ATTORNEY: <u>____DAN COOK/MARCUS TOPEL____</u> (Retained)

U.S.P.O.: <u>___DAN FYNES___</u>

PROCEEDINGS:            <u>IMPOSITION OF SENTENCE Held 4/28/00</u>
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Convened at 8:35 a.m.

<u>X</u> Notice of Appeal form given to defense counsel.

<u>X</u> Court stated findings/reasons pursuant to sentencing
    guidelines.

<u>X</u> Imprisonment for a period of <u>24 months; term consists of 24</u>
    <u>months on each of Counts 8, 9, 10, 11, 12, 20, 21, 22, 23, 24,</u>
    <u>26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39 to</u>
    <u>be served concurrent with one another. Court recommended that</u>
    <u>the defendant be incarcerated in a camp-type facility; the</u>
    <u>Court stated that the defendant must have an in-depth medical</u>
    <u>evaluation before he is placed anywhere as the critical issue</u>
    <u>is that he be in an institution where his medical care will be</u>
    <u>commensurate with the problems that have to be dealt with.</u>

<u>X</u> Defendant to serve term of supervised release of <u>2</u> years, term
consists of 24 months on each of Counts 28, 29, 33, 35, 36, 37,
38, and 39 to be served concurrent with one another under the
usual terms and conditions and the following special conditions:
1. The defendant shall notify his present and any future employers of his convictions in this
case and shall permit the probation officer to confirm such notification. 2. The defendant shall
provide the probation officer access to any requested financial information and shall not incur
any new debts or apply for lines of credit without the prior approval of his probation officer.

<u>X</u> Special Assessment $ <u>1,200.00 ($50.00 per count x 24 counts),</u>
    due <u>immediately.</u>

Continued on Page 2

DATE: <u>MAY 1, 2000</u>       DEPUTY CLERK'S INITIALS: ___lc___

EXHIBIT # ___B___
Page # ___1___ of ___9___

CONTINUATION OF:                                                    PAGE 2

MINUTES OF THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

U.S.A. vs. __RALPH WHITMORE____     CASE NO. _A94-0136-01-CR (HRH)_
Defendant: _X_ Present  ____In Custody  ____On Summons  _X_ On Bond

BEFORE THE HONORABLE  ___H. RUSSEL HOLLAND_____

PROCEEDINGS:                    _IMPOSITION OF SENTENCE Held 4/28/00_
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_X_ Restitution $500,000.00___, to be paid to_the Federal Deposit_
_Insurance Corporation; restitution due immediately and any sum_
_not paid upon release from incarceration will be due and_
_payable on a payment plan to be developed in consultation with_
_the defendant's probation officer._

_X_ OTHER: _Court waived drug testing requirement during period of_
_supervised release._
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
_X_ Defendant shall remain on bond;_defendant motion to remain on_
_bond pending appeal_ **GRANTED**.

_X_ OTHER:  _Court and counsel heard re: appeal issue. Per_
_Rule 4(b)(2) of Appellate Procedure, a notice of appeal filed_
_prior to entry of judgment is treated as filed on the date of_
_and after the entry._

Adjourned at 1:40 p.m.

DATE: __MAY 1, 2000____          DEPUTY CLERK'S INITIALS: ___lc__

EXHIBIT # _____**B**_____
Page # __**2**__ of __**9**__



# United States District Court

## District of Alaska

MAY 0 2 2000

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
_____ Deputy

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>RALPH E. WHITMORE, JR. | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number:  A:94CR00136-001<br><br>DANIEL COOK/MARCUS TOPEL<br><sub>Defendant's Attorney</sub> |

### THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  8-12, 20-24, and 26-39 of the Second Superseding Indictment
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C.  1344 | BANK FRAUD | 04/20/1988 | 8 thru 10 and 21 thru 24 |
| 18 U.S.C.  1005 | FALSE ENTRIES IN BOOKS AND RECORDS | 03/25/1988 | 11,12,20, 26 thru 33, 37, & 38 |
| 18 U.S.C.  656 | MISAPPLICATION | 01/09/1989 | 34 thru 36 and 39 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The defendant has been found not guilty on count(s)  13 of the Second Superseding Indictment

☒ Count(s)  7 of the SSI _____  is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.:  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 | **04/28/2000**<br><sub>Date of Imposition of Judgment</sub> |
| Defendant's Date of Birth:  08/30/1932 | |
| Defendant's USM No.:  12798-006 | |
| Defendant's Residence Address: | |
| **4521 ALLA ROAD, #3** | <sub>Signature of Judicial Officer</sub> |
| **MARINA DEL REY      CA      90292** | **H. RUSSEL HOLLAND**<br>**U.S. DISTRICT JUDGE**<br><sub>Name & Title of Judicial Officer</sub> |
| Defendant's Mailing Address: | |
| **4521 ALLA ROAD, #3** | 5/2/00      EXHIBIT # ___B___<br>Page # ___3___ of ___9___ |
| **MARINA DEL REY      CA      90292** | |

A94-0136--CR (HRH)
-------------------------
W. BRYSON (BRYSON)
K. LOEPFLER (US-ATTNY)
US MARSHAL
US PROBATION
MAGISTRATE JUDGE ROBERTS
PLO
R. Whitmore w/cnsls cy

959

DEFENDANT:    RALPH E. WINTERROWD, JR.
CASE NUMBER:    A:94CR00136-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___24___ month(s)

Term consists of 24 months on each of Counts 8, 9, 10, 11, 12, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39 of the Second Superseding Indictment to be served concurrent with one another.

☒ The court makes the following recommendations to the Bureau of Prisons:

that the defendant be incarcerated in a camp-type facility and that the defendant must have an in-depth medical evaluation before he is placed anywhere as the critical issue is that he be in an institution where his medical care will be commensurate with the problems that have to be dealth with.

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m.  on _____ .

    ☒ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
                    Deputy U.S. Marshal

EXHIBIT # ___B___
Page # ___4___ of ___9___

DEFENDANT:    RALPH E. WHITMORE, JR. 
CASE NUMBER:    A:94CR00136-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____ 2 _____ year(s)

Term of supervised release consists of 24 months on each of Counts 28, 29, 33, 35, 36, 37, 38, and 39 to be served concurrent with one another.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page    4

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

EXHIBIT # _____ **B** _____
Page # ___5___ of ___9___

DEFENDANT        RALPH E. WHITMORE, JR.
CASE NUMBER:        A:94CR00136-001

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall notify his present and any future employers of his convictions in this case and shall permit the probation officer to confirm such notification.

2. The defendant shall provide the probation officer access to any requested financial information and shall not incur any new debts or apply for lines of credit without the prior approval of his probation officer.

///////////////////////////////////////////////////////////////////////////////

EXHIBIT #        B
Page #        6        of        9

DEFENDANT:    RALPH E. WHITMORE, JR.
CASE NUMBER:    A:94CR00136-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | | **Fine** | **Restitution** |
|---|---|---|---|---|
| **Totals:** | $    1,200.00 | $ | $ | 500,000.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .    $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until will be entered after such a determination.    _____ . An Amended Judgment in a Criminal Case

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION | $500,000.00 | $500,000.00 | 100.000% |

EXHIBIT # ___**B**___
Page # __7__ of __9__

| | | |
|---|---|---|
| Totals:    $ | _____500,000.00 | $ _____500,000.00 |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:    RALPH E. WHITMORE, JR.
CASE NUMBER:    A:94CR00136-001

Judgment Page    9    of    6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Any portion of restitution not paid upon release from incarceration will be due and payable on a payment plan to be developed in consultation with the defendant's probation officer.**

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

EXHIBIT # _____**B**_____
Page # ___**8**___ of ___**9**___

RALPH E. WHITMORE, JR.

CASE NUMBER:    A:94CR00136-001

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

1) 2F1.1(b)(1) loss involved was 5.1 million considering relevant conduct. Therefore +11 levels. 2) 3B1.1 role in offense. Defendant involved 3 others in criminal activity and the activity was "otherwise extensive" 3B1.1 Note 2 since many others were involved but not criminally involved. 3) 3B1.3 Position of trust does not apply under 1987 guidelines when 3B1.1 is applied.

**Guideline Range Determined by the Court:**

Total Offense Level:        16

Criminal History Category:        I

Imprisonment Range:    21 to 27 months

Supervised Release Range:    2 years

Fine Range: $      5,000.00      to $      50,000.00

   ☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $      500,000.00

   ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

   ☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

   ☒ Partial restitution is ordered for the following reason(s):

18 U.S.C. 3664(a) applies. The court considers the total loss, defendant's resources and needs, and his age and earning capacity.

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☒ The sentence departs from the guideline range:

   ☐ upon motion of the government, as a result of defendant's substantial assistance.

   ☒ for the following specific reason(s):

EXHIBIT #      B
Page #    9    of    9

This is not a "heartland" case. Defendant is past retirement and has multiple serious medical problems. Defendant's earning capacity has been drastically reduced by charges and conviction. Imprisonment on this defendant will be more onerous than the average prisoner.