

1a

**APPENDIX A — MEMORANDUM OPINION OF THE
UNITED STATES COURT OF APPEALS FOR THE
NINTH CIRCUIT DATED AND FILED
FEBRUARY 11, 2002**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

Nos. 00-30152
00-30183

D.C. No. CR-94-00136-HRH

UNITED STATES OF AMERICA,

Plaintiff-Appellee/
Cross-Appellant

v.

RALPH E. WHITMORE, JR.,

Defendant-Appellant/
Cross-Appellee.

EXHIBIT # _____I_____
Page # ___1___ of ___2___

A district court's
. will in most cases
dies the traditional
rt." *Koon*, 518 U.S.

clear, "it is not the
judgment for that
ropriateness of a
at 97 (internal
.S. 277, 290 n.16,
f the evidence is
entirety, the court
h convinced that
uld have weighed
two permissible
ce between them
*ssemer City*, 470

tial deference to
urt. As we have
ts are accorded
ional advantage
determinations,
idelines cases
F.3d at 1099
re 'particularly
a case unusual,
point and day-
*United States v.*
*ng Koon*, 518
).

21a

*Appendix A*

The district court found that the guidelines were applicable to the director stock loans as well as the false financial statement convictions. After initially determining that the appropriate guideline offense level was 23, subjecting Whitmore to a guideline range of 46-57 months, the district court granted a downward departure of seven levels on four different bases and thus sentenced Whitmore to 24-months concurrent on all counts. The district court did not abuse its discretion in granting these departures.

    a.   Two Level Downward Departure Because Case was Atypical.

At sentencing, the district judge determined that because "this defendant's conduct, although considered reckless by the trial jury, was really motivated by his desire to save the Alaska Statebank rather than destroy it," the case fell outside of the heartland of bank fraud cases and therefore a two level downward departure was warranted. The district court stated that "this is not your average, typical bank fraud," and that "what was going on at the Alaska Statebank was from the beginning to end an effort to enhance the bank and in the end a desperate effort to save it."

Based on the evidence presented throughout the trial and at sentencing, and the court's extensive experience with the numerous Alaska Statebank civil and criminal fraud prosecutions, the district court could have permissibly concluded that "this case is out of the mainstream of bank frauds" and that "the effort that was underway here was to — was to salvage the bank — to save it, not destroy it." Although an alternative conclusion based on the evidence

EXHIBIT # _____ I _____
Page # ___ 2 ___ of ___ 2 ___